

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00186-CR

_____

IN RE:
WELDON BRIDGES

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Weldon Bridges has filed a petition for writ of mandamus. Bridges currently has a criminal appeal pending in this Court from the denial of his request for forensic DNA testing, and this petition relates to that appeal. Bridges asks generally for this Court to order one of several individuals—the Clerk of this Court, an unidentified district clerk, or an unidentified court reporter—to transmit to him a copy of the reporter's record and an "omitted" clerk's record in his appeal. We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257 (Tex. 2008) (orig. proceeding).

We have jurisdiction to issue a writ of mandamus only against "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). Because none of the specified respondents fit in those categories, mandamus is unavailable against them—even were they identified by name.

Bridges speaks of a missing clerk's record in his appeal, but the clerk's record has been filed with this Court. We sent Bridges a copy of the appellate record in his underlying appeal from DNA testing, and we have already informed him that, as there was no evidentiary hearing, there is no reporter's record in his DNA proceeding. The record on appeal is in his hands, and we remind Bridges that his brief was due November 26. Bridges mentions letters which he states he sent to a court reporter and district clerk—well after the appellate record was filed—apparently complaining of a lack of response, although the letters appear to address only the

2

nonexistent reporter's record. Even if we had jurisdiction to issue mandamus against the respondents, Bridges has not shown himself entitled to such.

We deny the petition.

Josh R. Morriss, III
Chief Justice

Date Submitted: November 28, 2012
Date Decided: November 29, 2012

Do Not Publish